# UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARVIE THOMAS | * CIVIL DOCKET |
| VERSUS | * JUDGE: |
| LOUISIANA STATE POLICE AND STATE TROOPER RUSSELL E. SIBLEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COMMISSIONED LAW ENFORCEMENT OFFICER. | * MAGISTRATE * |
| | * CIVIL RIGHTS 42 USC §1983 AND 1988 |

\* \* \* \* \* \* \*

## COMPLAINT

This is an action is brought pursuant to 42 U.S.C. 1983 and 1988 and pursuant to the Fourth and Fourteenth Amendment of the United States Constitution and relative state law pursuant to 28 U.S.C. 1367 against the defendants use of excessive force during his arrest and for punitive and non-pecuniary damages for serious injuries sustained during this seizure.

## STATEMENT OF JURISDICTION

1.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 because Mr. Thomas' claims are brought under the laws of the United States and its constitution. This Court also has

supplemental jurisdiction over Mr. Thomas' state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

2.

Darvie Thomas is a person of majority domiciled in the Parish of Tangipahoa, State of Louisiana.

3.

The following parties are made defendants to this case:

1) Louisiana State Police, is a statutorily mandated state agency of the State of Louisiana domiciled in the Parish of East Baton Rouge.

2) Russell E. Sibley is a person of majority and domiciled in the Parish of Tangipahoa and employed at a State Trooper for the State of Louisiana.

4.

All of the above named Defendants are bound jointly, severally and solidarily onto plaintiff, in an amount fair and reasonable under the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, including attorneys' fees, for the following reasons. Additionally, all claims asserted below, are being brought against Defendants in both their individual and their official capacities.

## FACTUAL BACKGROUND

5.

On October 30, 2017, the plaintiff was traveling westbound on La 10 in the Parish of Tangipahoa, allegedly at 83 mph in a 55 mph zone. The defendant elected to conduct a traffic stop.

6.

Upon approaching the vehicle, the defendant ordered the plaintiff out of the vehicle. Upon complying with the defendant's order, the defendant determined that the plaintiff was driving under the influence of alcohol. The defendant walked over to the plaintiff's vehicle and notice, in plain view, a open beer bottle in the center console.

7.

The defendant then ordered the plaintiff to undergo a filed sobriety test, which the plaintiff complied. However, because of the plaintiff poor performance, that is, following the defendant's command slowly and questioning the defendant about his commands, the defendant decided to arrest the plaintiff for DWI.

8.

The plaintiff advised the defendant, prior to, during and after going through the test, that he was unable to walk a straight line due to a prior surgery on his right

ankle. After several attempts to get the plaintiff to walk a straight line, the defendant ordered the plaintiff into the rear of his vehicle.

9.

The defendant approached the defendant's vehicle and asked a question, at which time the defendant tased the plaintiff. Has the plaintiff was getting into the vehicle, the defendant tased the plaintiff three additional times. The plaintiff sustained several burns to his torso as a result of the defendant tasing him.

10.

All of the acts and omissions complained of herein were done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for plaintiff's Constitutional rights.

11.

According to the video of the arrest, the plaintiff was complying with the defendant's orders but moving slowly and was in the vehicle when he was tased several times.

## **DAMAGES**

12.

The plaintiff suffered the following non-exclusive pecuniary losses and damages for which the defendants are liable to him:

a      Medical and related expenses;

b.     Pain and suffering;

c.     Disability;

d.     Disfigurement;

e.     Mental Anguish;

f.     Loss of enjoyment of life;

g.     Other damages allowed by law to be shown at trial.

## ATTORNEY'S FEES

13.

Plaintiff seeks to recover attorney's fees as authorized by the Civil Rights Attorney's Fees Awards Act of 1976, amending Title 42 U.S.C. Sec. 1988, in addition to all other relevant statutes and regulations, for his counsel's actions in enforcing Sections 1983 and 1985 of Title 42 of the United States Code.

14.

All of the Defendants named herein are liable to Plaintiff, jointly, severally and in solido.

15.

Inasmuch as any of the allegations contained herein are inconsistent, they are deemed to have been pled in the alternative and plaintiff reserve the right to amend

this complaint.

## REQUEST FOR JURY TRIAL

15.

Plaintiff is entitled to and requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Darvie Thomas, prays that upon trial of this cause, judgment will be entered against the Defendants herein for all actual, compensatory and punitive damages in an amount to be determined by a jury, together with prejudgment and post-judgment interest and costs and attorneys' fees and costs. Plaintiff also asks the Court to award such other and further relief as may be proper, to include a trial by jury on all issues.

Respectfully submitted,
**Law Office of Willard J. Brown, Sr.**

By:/s/Willard J. Brown, Sr.
Willard J. Brown, Sr., #23405
4619 S. Claiborne Ave.
New Orleans, LA 70125
Telephone: (504) 638-2274
Fax: (504) 822-3861
Brownsrw@yahoo.com

## **CERTIFICATE**

I hereby certify that on this 30nd day of October, 2017, I electronically filed the foregoing pleading, with the Clerk of Court, through the CM/ECF system and served upon all counsel of record to this proceeding.

<u>/s/ Willard J. Brown, Sr.</u>
Willard J. Brown, Sr.