# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARVIE THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-10200** |
| **LOUISIANA STATE POLICE ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is an unopposed motion to dismiss[1] filed by defendants, the Louisiana State Police and State Trooper Russell E. Sibley ("Sibley") (together, "defendants"). Defendants move the court to dismiss plaintiff Darvie Thomas's ("Thomas") claims pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## I.

Thomas claims that on October 30, 2017, he was driving in Tangipahoa Parish, Louisiana, when Sibley pulled him over.[2] Thomas was allegedly driving 83 miles per hour in a 55-mile-per-hour zone, and Sibley ordered Thomas out of the vehicle, having determined that Thomas had been driving under the influence of alcohol.[3] Thomas was arrested for DWI after Sibley noticed an open beer bottle in the vehicle and then conducted a field sobriety test.[4] Thomas alleges that he informed Sibley that he was

---

[1] R. Doc. No. 9. The present motion was set for submission on April 10, 2019. Accordingly, any written opposition to the motion was due on April 2, 2019. To date, Thomas has not filed an opposition. The Court, therefore, considers the motion as unopposed.
[2] R. Doc. No. 1, at 3 ¶ 5.
[3] *Id.*
[4] R. Doc. No. 1, at 3 ¶¶ 6–7.

unable to walk in a straight line because of a prior ankle surgery, but that Sibley nevertheless ordered Thomas to the rear of his vehicle.[5]

Thomas alleges that Sibley tased him several times, and that the tasing caused severe burns to his torso.[6] Thomas asserts that all of the acts committed by Sibley were committed with actual malice and willful and wanton indifference to Thomas's constitutional rights, as Thomas complied with all of Sibley's orders.[7]

Thomas asserts excessive force claims against the Louisiana State Police as well as Sibley in his official and individual capacities, pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments. Thomas also asserts unspecified state law claims against defendants.

## II.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When applying Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

---

[5] R. Doc. No. 1, at 4 ¶ 8.
[6] *Id.* at 4 ¶ 9.
[7] *Id.* at 4 ¶ 10.

2

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).

Rule 12(b)(5) of the Federal Rules of Civil Procedure "provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Worley v. Louisiana*, No. 10-3313, 2012 WL 218992, at *2 (E.D. La. Jan. 25, 2012) (Africk, J.) (quoting *Wallace v. St. Charles Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005)). "In the absence of valid service of process, proceedings against a party are void." *Id.* (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* (quoting *Aetna*, 635 F.2d at 435).

## III.

"When a state agency is the named defendant, the Eleventh Amendment bars suit for both money damages and injunctive relief, unless the state has waived its immunity." *Mathai v. Bd. of Supervisors of La. Univ. & Agricultural & Mech. Coll.*, 959 F. Supp. 2d 951, 957 (E.D. La. 2013) (Vance, J.) (citing *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002)). "By statute, Louisiana has refused to waive its Eleventh Amendment sovereign immunity against suits in federal courts." *Id.*; La. Rev. Stat. Ann. § 13:5106(A)). Furthermore, Congress has not expressly abrogated sovereign immunity for § 1983 claims. *Richardson v. So.*

3

*Univ.*, 118 F.3d 450, 453. Therefore, Thomas's claim for relief pursuant to § 1983 is "subject to the Eleventh Amendment bar." *Id.*

The Louisiana State Police is an agency of the State of Louisiana. *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing La. Rev. Stat. Ann. § 40:1301; *Michalik v. Hermann*, No. 99-3496, 2000 WL 159440, at *1 (E.D. La. Oct. 24, 2000); *Jenkins v. Lee*, No. 98-2367, 1999 WL 97931, at *2 (E.D. La. Feb. 17, 1999)). Furthermore, as a state agency, the Louisiana State Police is not a "person" capable of being sued under 42 U.S.C. § 1983. *Francis*, 2009 WL 4730707, at *2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hyatt v. Sewell*, 197 F. App'x 370 (5th Cir. 2006) (per curiam)).

As for Sibley, a lawsuit "against a state official in his official capacity constitutes a suit against the state itself, which is barred by the Eleventh Amendment." *Mathai*, 959 F. Supp. 2d at 957 (citing *Will*, 491 U.S. at 71). Thomas has sued Sibley in his official capacity, and he only requests monetary damages, rather than prospective or injunctive relief, in his complaint. *See id.* Thomas cannot recover monetary damages from a lawsuit against Sibley in his official capacity.

Accordingly, neither the Louisiana State Police nor Sibley, in his official capacity, are proper defendants, and they must be dismissed for lack of subject matter jurisdiction.

**IV.**

Thomas's claims against Sibley in his individual capacity must also be dismissed because Thomas has not perfected proper service.

4

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Thomas served Sibley through the Attorney General of the State of Louisiana.[8] There is no evidence that Thomas has served Sibley personally, at his dwelling, or through any authorized agent. Louisiana law similarly requires personal or domiciliary service or service on an authorized agent. Accordingly, Thomas has not complied with Rules 4(e)(1) or (2).[9]

---

[8] R. Doc. No. 7; *see also* R. Doc. No. 1-4; R. Doc. No. 9, at 7–8.
[9] Pursuant to Louisiana law, in order to serve the State of Louisiana or its agencies, the plaintiff must serve process on the Louisiana Attorney General, as well as

> on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board,

5

In addition, there has not been timely service of process.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Thomas filed his complaint on October 30, 2018. As of this date, Thomas has failed to properly serve Sibley in his individual capacity. Even if Sibley had been properly served, service would be untimely, as service was made on the Attorney General on January 31, 2019, which is over ninety (90) days from the filing of the complaint.[10] Having failed to oppose the present motion, Thomas has not shown good cause for such failure. Therefore, Thomas's claims against Sibley in his individual capacity must also be dismissed because of timeliness.

V.

Having determined that Thomas's claims against the Louisiana State Police and Sibley must be dismissed, the Court declines to exercise supplemental jurisdiction over Thomas's unspecified state law claims.[11] *See Cudd Pressure Control Inc. v. Roles*, 328 F. App'x 961, 966 n.2 (5th Cir. 2009) ("[T]he district court should

---

> commission, department, agency, or officer which or through whom suit is to be filed against.

La. Rev. Stat. Ann. 13:5107. *See also* La. Code Civ. Proc. Ann. arts. 1232–1235.
[10] *See* R. Doc. No. 7.
[11] *See* R. Doc. No. 1, at 1–2.

6

keep in mind the Supreme Court's instructions that 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed [or remanded] as well.'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "When a court dismisses all claims before trial, the general rule is to dismiss any [supplemental] claims. However, the dismissal should be expressly *without* prejudice so that the plaintiff may refile in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

VI.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, May 6, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**